UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| *Ramona Loy* : | CIVIL ACTION NO.: |
| *Plaintiff* : | |
| : | |
| *Versus* : | |
| : | |
| *McGrath's Home Care Services, LLC d/b/a* : | |
| *Visiting Angels* : | *September 25, 2013* |
| *Defendant* : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*JURISDICTION*

1. This is an action for damages, declaratory and injunctive relief, punitive damages, liquidated damages, compensatory damages, and attorney's fees and costs brought pursuant to Fair Labor Standards Act ("FLSA"). 29 U.S.C. 201 *et. seq*., and Connecticut General Statutes ("CGS") §31-58 *et. seq*.

2. The Plaintiff, Ms. Ramona Loy, ("Ms. Loy" or "Plaintiff") brings this action for unpaid wages against her former employer, McGrath's Home Care Services, LLC d/b/a Visiting Angels ("Visiting Angels" or "Defendant"), in violation of the FLSA and CGS §31-58 *et. seq*.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and with respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## *VENUE*

4.      Venue in this district is appropriate pursuant to 28 U.S.C. §1391, because this is the district in which the events giving rise to the cause of action arose.

5. Plaintiff, Ms. Loy, is a citizen of the United States, residing in Meriden, CT.  At all times relevant to this Complaint, the Plaintiff was an employee of the Defendant, as that term is defined by the FLSA and in the CGS.

## *PARTIES*

6. Plaintiff is a citizen of the United States and resident of Connecticut and currently resides in Meriden, CT.

7. Defendant has a principal place of business located at 6 Way Road, Middlefield, CT 06455.

8. Defendant is an employer as that term is defined in the FLSA and the CGS.

9. Defendant employs in excess of fifteen (15) employees.

## *FACTS*

10. In or about March 2011, Plaintiff commenced employment with Defendant.

11. Plaintiff reported to Judy McGrath ("Ms. McGrath"), the owner and director of the Defendant company, as well as to Todd McGrath, a Manager, and Abigail [last name unknown], the office manager.

12. Defendant assigned Plaintiff the job title of "caregiver."

13. In Plaintiff's job as caregiver for Defendant, Plaintiff was assigned to provide care to elderly and infirm individuals in their homes. Those individuals were the Defendant's clients.

14. The Plaintiff was assigned to several clients at one time, and worked on both day-time shifts, as well as a twelve (12) hour overnight shift for one client (hereinafter referred to as "J").

15. Plaintiff started the overnight shift caring for J in late September 2011, and worked that shift for approximately sixty-eight (68) weeks, three (3) or four (4) shifts per week, depending on whether J's family was visiting J that week.

16. The Plaintiff worked shifts for other clients in addition to the overnight shift for J, and her total weekly work hours usually exceeded forty (40) hours per week, and occasionally exceeded sixty (60) hours per week.

17. Plaintiff kept track of her work hours by using a telephone timekeeping system where she would call in upon her arrival at the client's residence, and would call out at the end of her shift when she departed the client's residence.

18. For day shifts, Plaintiff was paid an hourly rate of either $8.50 or $9.00 per hour, depending on the case.

19. For the twelve (12) hour overnight shifts, Plaintiff was paid a flat rate of $50.00 per shift.

20. Plaintiff was not paid an overtime rate for any hours that she worked over forty (40) in a work week.

21. Defendant classified Plaintiff as an "exempt" employee who was not entitled to be paid minimum wage or overtime wages.

22. Plaintiff's job duties on both the day-time and the overnight shifts included, but were not limited to, providing services to the clients that included bathing, toileting, dressing, providing foot care, preparing and assisting with meals, assisting with client's communications, laundry, and housecleaning.  These activities were all integral and indispensible to the performance of Plaintiff's job.

23. For the overnight assignment with J, Plaintiff performed the above job duties as well as the additional job duties of changing J's colostomy bag and cleaning up after any complications with the colostomy bag, providing wound care, administering medications, and toileting J three or four times overnight.  The care that J required prevented Plaintiff from sleeping for longer than two or three hours per shift.

24. Defendant stated in its employee handbook that its employees were not supposed to provide medical services to clients, including, but not limited to, administering medications, wound care, or colostomy care.

25. Defendant stated in its employee handbook that its employees were not supposed to spend more than twenty percent (20%) of their total weekly hours performing general household services.

26. During her employment with Defendant, Plaintiff performed medical services for clients.

27. In or about October 2011, soon after Plaintiff was assigned to J, and on several subsequent occasions, Plaintiff informed Ms. McGrath that J's needs exceeded the scope of work that Plaintiff was supposed to provide, particularly because J required medical services. Ms. McGrath told Plaintiff that she needed to "make it work," and so the Plaintiff continued providing medical care to J.

28. Defendant was aware that Plaintiff was providing medical services, and required or allowed Plaintiff to do so.

29. In or about October 2011, and on several subsequent occasions, Plaintiff also asked Ms. McGrath that she be paid an hourly rate for the overnight shift.  Ms. McGrath refused to pay Plaintiff an hourly rate for the overnight shift.

30. During her employment with Defendant, Plaintiff spent more than twenty percent (20%) of her total weekly hours performing general household services for clients.

31. Defendant was aware that Plaintiff was spending more than twenty percent (20%) of her work hours performing general household work, and required or allowed Plaintiff to do so.

32. Plaintiff spent approximately one to two hours each day traveling from one client's residents to the next client's residence where she was assigned work, but was not paid for the time she spent traveling between assignments during the work day.

33. On several occasions, Plaintiff asked Ms. McGrath that she be paid for travel time between cases, but Ms. McGrath refused, and told Plaintiff that if she did not like it, she should give up some assignments so that she would not have to travel.

## FIRST CAUSE OF ACTION- FLSA- FAILURE TO PAY MINIMUM WAGE- 29 U.S.C. §206

34. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint with the same force and effect as if set forth herein.

35. Plaintiff was a non-exempt employee under the FLSA because her job duties included providing medical services to clients, and she spent more than twenty percent (20%) of her weekly work hours performing household services.

36. Plaintiff was entitled to be paid at least minimum wage for all hours worked up to forty (40) per work week and one and one-half times her normal hourly rate for all hours worked in excess of forty (40) per work week.

37. Plaintiff's total weekly pay varied from week to week depending on the total hours that she worked and the clients to whom she was assigned, but the Plaintiff's total weekly hours divided by her total weekly pay resulted in an hourly rate between $4.00 and $6.00 per hour.

38. Defendant was aware of the minimum wage requirements under the FLSA.

39. Defendant's actions were in bad faith, unreasonable, and in knowing and willful violation of the FLSA.

40. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered lost wages and other damages, and has been forced to incur attorneys' fees and costs.

## SECOND CAUSE OF ACTION- FLSA- FAILURE TO PAY OVERTIME WAGE- 29 U.S.C. §207(a)(1)

41. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint with the same force and effect as if set forth herein.

42. Defendant required or allowed Plaintiff to perform work in excess of forty (40) hours per week.

43. Defendant did not pay Plaintiff at least one and one-half times her normal hourly rate for hours that the worked in excess of forty (40) per work week.

44. Defendant was aware of the overtime wage requirements under the FLSA.

45. Defendant's actions were in bad faith, unreasonable, and in knowing and willful violation of the FLSA.

46. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered lost wages and other damages, and has been forced to incur attorneys' fees and costs.

## THIRD CAUSE OF ACTION- CGS- FAILURE TO PAY MINIMUM WAGES- C.G.S. §31-58, *et. seq.*

47. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 46 of this Complaint with the same force and effect as if set forth herein.

48. Plaintiff was an "employee" pursuant to CGS §31-58 *et. seq*.

49. Plaintiff was entitled to be paid at least minimum wage under CGS §31-58(j) for all hours worked up to forty (40) per work week pursuant to CGS §31-60.

50. Plaintiff's total weekly pay varied from week to week depending on the total hours that she worked and the clients to whom she was assigned, but the Plaintiff's total weekly hours divided by her total weekly pay resulted in an hourly rate between $4.00 and $6.00 per hour.

51. Defendant was aware of the minimum wage requirements under the CGS.

52. Defendant's actions were in bad faith, unreasonable, and in knowing and willful violation of the CGS.

53. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered lost wages and other damages, and has been forced to incur attorneys' fees and costs.

## **FOURTH CAUSE OF ACTION- CGS- FAILURE TO PAY OVERTIME WAGES- C.G.S. §31-58,** *et. seq.*

54. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 53 of this Complaint with the same force and effect as if set forth herein.

55. Plaintiff was entitled to be paid at least one and one-half (1 ½) times her normal hourly rate for all hours worked in excess of forty (40) hours per week, pursuant to CGS §31-76c

56. Defendant required or allowed Plaintiff to perform work in excess of forty (40) hours per week.

57. Defendant did not pay Plaintiff at least one and one-half times her normal hourly rate for hours that the worked in excess of forty (40) per work week.

58. Defendant was aware of the overtime wage requirements under the CGS.

59. Defendant's actions were in bad faith, unreasonable, and in knowing and willful violation of the CGS.

60. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered lost wages and other damages, and has been forced to incur attorneys' fees and costs.

## REQUEST FOR JURY TRIAL

The Plaintiff requests a trial by jury as to all claims to which she is entitled under the law.

        Respectfully submitted,
        THE PLAINTIFF

        Robert Fortgang Associates
        Greystone Court
        573 Hopmeadow Street
        Simsbury, CT  06070
        (860) 658-1055

By:       /s/ Robert Fortgang
        Robert Fortgang
        CT Federal Juris No. ct5437
        CT State Juris No. 402006

## DEMAND AND RELIEF

WHEREFORE, the Plaintiff respectfully request this Court grant the Plaintiff the following relief:

a. Declaring that the acts and practices complained of herein are in violation of state and federal laws;

b. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

c. Awarding Plaintiff compensatory, liquidated, and punitive damages;

d. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees.

e. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,
THE PLAINTIFF

Robert Fortgang Associates
Plaintiff's legal counsel
Greystone Court
573 Hopmeadow Street
Simsbury, CT  06070
(860) 658-1055

By:      /s/ Robert Fortgang
Robert Fortgang
CT Federal Juris No. ct5437
CT State Juris No. 402006